UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,                CIVIL ACTION NO.:

        Plaintiff,                HONORABLE:

vs.

Paul Byrom

        Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.    This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.    The defendant is a resident of Monroe County, Michigan within the jurisdiction of this Court and may be served with service of process at 1523 Henri Newport, MI 48166.

### The Debt – Account No. 1999A22137

3.    The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $1,858.78 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $2,053.87 |
| C. | Accrued Capitalized Interest since September 11, 1998 | $2,274.71 |
| | **Total Owed** | **$6,187.36** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of

Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 9% per annum.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Paul E. Byrom
2738 Rutledge
Trenton, MI 48183
SSN ███-███-3222

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/24/98.

On or about 07/13/82 & 12/27/82, the borrower executed promissory note(s) to secure loan(s) of $1,500.00 & $1,000.00 from Michigan Higher Education Student Authority at 9 percent interest per annum. This loan obligation was guaranteed by Michigna Higher Education Student Authority and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $288.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10/01/83, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,212.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/02/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 1,858.78 |
| Interest: | $ 2,053.87 |
| Administrative/Collection Costs: | $ 9.03 |
| Late fees: | $ 0.00 |
| Total debt as of 08/24/98: | $ 3,921.68 |

Interest accrues on the principal shown here at the rate of .46 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/11/98    Name: Sheryl Davis
                        Title: Loan Analyst
                        Branch: Litigation Branch

EXHIBIT A

FA-4599-E
4/79

"AN ADDENDUM TO INTERIM NOTE OF
EVEN DATE HEREWITH, EXECUTED BY THE
MAKER, IS INCORPORATED HEREIN."

Borrower Identification:
BYROM, PAUL E
XXX-XX-3222  # 0  GL 573:
08-01-82

MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
STATE DIRECT STUDENT LOAN PROGRAM

## INTERIM NOTE

Date JULY 13, 1982

**EXHIBIT B**

On AUGUST 01, 19 83, or on such accelerated or extended maturity da herein, for value received the undersigned promises to pay to the Michigan Higher Education Student hereinafter called the Authority, or order the principal sum of $ 1,500.00 together with interest t date of disbursement of this loan at the rate of 09 % per annum. The undersigned, hereinafter c shall pay such principal and interest at the office of the Authority at Lansing, Michigan, or at such oth Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**DISCLOSURE STATEMENT**

**Prepayment:** Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.

**Rebate:** Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment shall occur within 10 days of disbursement. In such case the full amount of the prepaid finance charge shall be rebated.

**Interest Accrual:** Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

Loan No.

(a) Amount of Loan    $ 1,

(b) Prepaid **FINANCE CHARGE**
    (Student Loan Insurance Premium)    $

(c) Amount Financed (a-b)    $ 1,485.

(d) **ANNUAL PERCENTAGE RATE**
    (1) Prior to repayment*    00.96
    (2) During installment repayment    09.00

*Based on the number of days between the projected fir disbursement date of the loan and the stated maturity dat

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges having read and understood the above disclosure statement and acknowledges receipt an exact copy of this Note at the time of execution of the Note.

Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized installmen Payout Note to the Authority calling for the first payment no earlier than the maturity date of this note and for an interes rate, which is payable by the Maker which does not exceed the interest rate of this Interim Note. Estimated Payout Not Annual Percentage Rate is 7%.

**Insurance Premium:** The Maker agrees to the Authority's deduction of the student loan insurance premium from th Authority's first disbursement to the Maker and school. This amount is equal to the premium that the Authority is required t pay the Michigan Higher Education Assistance Authority in order to provide insurance coverage on this Note and such Premiun is due upon disbursement of the loan. Such premium is equal to one percent (1%) of the amount of loan commitmen which as of the date of this Note may reasonably be expected to be disbursed during the academic period for which th loan has been requested.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status c (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturit date of this Note is accelerated. The accelerated maturity date shall be not less than nine months or more than twelve month after the date of the occurrence of either events of acceleration.

**Extension:** The Maker further agrees that if the expected completion of studies date changes during the period of this loa and that if a period of less than half-time enrollment status at a participating school, non-attendance at any school or enrollmen at a non-participating school, does not exceed a maximum of twelve continuous months, the maturity date of this Note ma be extended to a date not less than nine months or more than twelve months after the date less than half-tim attendance at a participating school occurred.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin; however, repayment may b deferred to a maximum of 36 months if, prior to executing a repayment Note, the Maker enters the Armed Forces of th United States, the Peace Corps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Ac of 1973, or for any period the Maker is pursuing a full-time course of study at a participating school or is pursuing course of study under a graduate fellowship program approved by the U.S. Commissioner of Education or at the request o the Maker, during a single period not in excess of twelve months during which the Maker is seeking and unable to fin full-time employment.

RETURN TO SDSLP

...es to ( use the proceeds of the loan evidenced   this Note solely to pay educational expens ittendance at a participating school at which the Maker is accepted for enrollment or is alrea 2) send written notice to the Authority and to the Michigan Higher Education Assistance Authority enrollment status, home address or the occurrence of any event which could cause the Holder

one, shall be jointly and severally liable and the term "Maker" whenever used herein shall app or more of them. If the Maker shall default on this Note by reason of death or total and permane shall be paid in full to the Authority by the Michigan Higher Education Assistance Authority the Maker shall default on this Note by reason of delinquency, the unpaid balance shall, at t come immediately due and payable without notice or demand and if the Holder shall incur a connection with collections thereof, there shall additionally come due from the Maker all reasonal and the Holder may take judgment for all such sums.

that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 196 late even though he or she may be under eighteen (18) years of age. No delay on the part of t of in exercising any of its options, powers, or rights or partial or single exercise thereof, sh of such powers, options or rights.

if Maker and Holder agree an installment Payout Note may be executed calling for repayment aturity date of this Note and for payments which exceed the $360 yearly minimum or five ye s of such agreement the nine to twelve month grace period may not be restored; however, the Mak ice this Note to the extent that the Maker may have a total note term of at least five ye rs for repayment.

NOT REQUIRED

MAKER SIGNATURE  *Paul E Byron*

PRINTED NAME  Paul E. Byron

ADDRESS  2738 Rutledge

Trenton, Michigan 48183

If social security different than preprinted at top of fo (reverse side), enter here

SOCIAL SECURITY NO.

INTERIM NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the ev the Maker permits this Note to become in default as defined by regulations of the Michigan Higher Education Assistan Authority. In the event of default, the Maker's obligation to the Holder is transferred to the State of Michig

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official  *Patrick Cummings*

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

*Robert Zier*

ROBERT ZIER Asst. Vice Pres.

Date: 3-23-94

AUG 3 1982

BYROM, PAUL E
-3222 * 0   GL 573873W

FA-4599-F
12/80

# ADDENDUM TO INTERIM NOTE

## MICHIGAN DIRECT STUDENT LOAN PROGRAM

Date: JULY 13, 1982

The Education Amendments of 1980 established new terms and conditions which affect certain student borrowers. This addendum to an Interim Note, dated JULY 13, 19 82, sets forth the new terms and conditions and is made a part of the Interim Note. It applies to all first time borrowers who are borrowing money to help fund educational expenses for a period of instruction which begins after December 31, 1980.

A first time borrower means any borrower who, on the date of entering into the Interim Note, does not have an outstanding balance of principal or interest on any loan made, insured or guaranteed under Title IVB of the Higher Education Act of 1965, as amended, and who is borrowing for a period of instruction beginning after December 31, 1980.

**Acceleration:** The Maker agrees that if he or she reduces his or her course of study to less than half-time status or transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The maturity date of this Note shall be the first day of the seventh month following the date of the occurrence of either event of acceleration.

**Extension:** The Maker further agrees that in the event the completion of studies date changes during the period of this loan as determined under Extension Section of the Interim Note, the new grace period shall be six full months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin; however, repayment may be deferred, if prior to executing a Payout Note, the Maker enters into a deferrable condition as authorized by Federal Law. Conditions and requirements for deferment are enumerated below:

1. A deferment, not in excess of three years may be granted if the Maker is:
   a. In the Armed Forces of the United States.
   b. In full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973.
   c. In service comparable to the Peace Corps or VISTA and which is exempt from taxation under Section 501(c)(3) of the IRS Code of 1954.
   d. In service as an Officer in the Commissioned Corps of the Public Health Service.
   e. In the Peace Corps.
   f. Temporarily totally disabled as established by sworn affidavit of a qualified physician or during which the Maker is unable to secure employment by reason of care required by a spouse who is so disabled.

2. A deferment, not in excess of 24 months, may be granted if the Maker is serving an internship, the successful completion of which is required in order to receive professional recognition required to begin professional practice.

3. A deferment, not in excess of 12 months, may be granted if the Maker is seeking but unable to find full-time employment in the United States. The unemployment deferment may be used no more than one time.

4. A deferment may be granted for any period during which the Maker is:
   a. Pursuing a full-time course of study at a participating school.
   b. Pursuing a course of study under a graduate fellowship program approved by the Secretary of the United States Education Department
   c. Pursuing a course of study under a rehabilitation training program for disabled individuals that is approved by the Secretary of the United States Education Department.

(over)

RETURN TO SDSLP

If the Maker was eligible for federal interest subsidy at the time the loan evidenced ...
federal interest subsidy shall continue during the deferment period and subsequent grace ...
after the deferment condition terminates.

**Grace Period**: Wherever used in the Interim Note, the term "grace period" for the Maker ...

All conditions of the Interim Note, except as modified in this addendum, shall remain ...
of a copy of this addendum.

(S) *Paul E Byron*
(Student Borrower)

Paul E. Byron
(Typed Name)

2738 Rutledge
(Address)

Trenton, Michigan 48183
(City)

3 2 2 2

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

ROBERT ZIER Asst. Vice Pres.
Date: 3-23-84

AUG

FA-4599-E 8/82

9 7 1 4 7 1 7 0 0 3

Borrower Identification: BYROM, PAUL E

XXX-XX-3222 * 1 GL 6398
01-01-83

DUPLICATE

## MICHIGAN HIGHER EDUCATION STUDENT LOAN AUTHORITY
## STATE DIRECT STUDENT LOAN PROGRAM

# INTERIM NOTE

Date _DECEMBER 27, 1982_

On __OCTOBER 01__, 19_83_, or on such accelerated or extended maturity date as provided f herein, for value received the undersigned promises to pay to the Michigan Higher Education Student Loan Authorit hereinafter called the Authority, or order the principal sum of $ _1,000.00_ together with interest thereon from th date of disbursement of this loan at the rate of _09_ % per annum. The undersigned, hereinafter called the Mak shall pay such principal and interest at the office of the Authority at Lansing, Michigan, or at such other place as th Authority shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |
| Prior to Repayment / During Repayment | | ☐ may  ■ will not  have to pay a penalty. |
| 2.32 % / 9.0 % | $ 940.00 | ■ may  ☐ will not  be entitled to a refund of part of the finance charg |
| | | See the promissory note for any additional information about nonpaymen default, any required repayment in full before the scheduled date, and pre payment refunds and penalties. |

ITEMIZATION OF THE AMOUNT FINANCED
Loan Amount                          $ 1000.00
Less: Prepaid Finance Charge         $   60.00
   Includes:
      Insurance Premium  $ 10.00
      Origination Fee    $ 50.00
   (_05_ % of Loan Amount)
Equals: Amount Financed              $ 940.00

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge | | Amount Financed |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | |
| First (or entire) | 01-01-83 | 1000.00 | 10.00 | 50.00 | 940.00 |
| Second | | | | | |
| Third | | | | | |

## ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the previou provided rights and responsibilities, and acknowledges receipt of an exact copy of this Note at the time of execution of the No Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitti payment in full or by arranging with the Authority a monthly repayment schedule. The repayment schedule shall call for interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during t repayment period.

The Maker acknowledges, if Maker and Authority agree, an installment repayment schedule may be executed calling for repayment begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. instances of such agreement the grace period may not be restored; however, the Maker may at any time refinance this Note to t extent that the Maker may have a total Note term of at least five years but not more than ten years.

**Prepaid Finance Charges:** The Maker agrees to pay the Authority, in addition to interest and principal due, an amount equal to t premium that the Authority is required to pay to the Michigan Guaranteed Student Loan Program in order to provide insuran coverage on this Note, and such premium is immediately due and payable. The Maker further agrees to pay an Origination F authorized by Federal Law. The amount of insurance premium and Origination Fee, calculated on the amount of loan reasona expected to be disbursed, shall be paid at the time of the first disbursement; however, at the Authority's option the full amount the Origination Fee may be charged at the time of the first installment or the amount of the Origination Fee may be proportion to the amount of each installment if the loan is disbursed in multiple installments. The insurance premium is refundable only if the lo check is returned to the Authority uncashed. The Origination Fee is refundable if the loan check is returned to the Authority uncash or if the loan is disbursed in multiple disbursements and the full amount of the Origination Fee was charged on the first installme the prorated amount of the Origination Fee shall be refunded if subsequent installments are not made.

**Acceleration:** The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status, or (2) transfe to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after t date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than shall be six months after the date of the occurrence of either event of acceleration.

RETURN TO SDSLP

**Extension:** The Maker further agrees that if the expected completion of studies or changes during the period of the loan, if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

**Deferment:** Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment have been provided on the Statement of Rights and Responsibilities.

**Maker:** The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses related to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled in, and (2) send written notice to the Authority and to the Michigan Guaranteed Student Loan Program of any changes in enrollment status, home address or the occurrence of any event which would cause the Authority to declare this Note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Authority by the Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, unpaid balance shall, at the option of the Authority, become immediately due and payable without notice or demand and Authority shall incur any extra costs or expenses in connection with collections thereof, there shall be additionally some due by Maker all reasonable expenses and attorney fees and the Authority may take judgement for all such sums. In the event of default, the Authority may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer the loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker is subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960 for payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Authority or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof shall constitute a waiver of such powers, options, or rights.

MAKER SIGNATURE: *Paul L. Byrum*

PRINTED NAME: Paul L. Byrum

ADDRESS: 2728 Privilege Tree
4/8/83

(If social security different than presented at time of form, enter here and attach copy of social security card. Check will be delayed unless card returned with Note)

INTERIM NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Authority in the Maker permits this Note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority event of default, the Maker's obligation to the Authority is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official: *Patrick Cummings*

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

*Robert Zier*

ROBERT ZIER Asst. Vice Pres.

Date: 3-23-84

CLAIM NO 1595305056 05-02-53
BYRUM, PAUL
SS# ████-7728